UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

CARY COSGROVE,

                   Plaintiff,                Case No. 2:16-cv-194

v.                                 Honorable Robert Holmes Bell

UNKNOWN LABELLE, et al.,

                   Defendants.
_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

### Factual Allegations

Plaintiff Cary Cosgrove, a state inmate currently confined at the Marquette Branch Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officer Unknown Labelle, Corrections Officer Unknown McBride, Corrections Officer Unknown Hennings, Sergeant Unknown Heilstein, Corrections Officer Unknown Corkin, Corrections Officer Unknown Watson, Corrections Officer Unknown Ogle, Corrections Officer Unknown Hemmila, Corrections Officer Unknown Frion, Corrections Officer Unknown Johnston, Corrections Officer M. Schetter, and Law Librarian Jodi Feliciano.

In Plaintiff's complaint, he alleges that on March 28, 2016, he was assaulted by his neighbor.  Plaintiff was taken from his cell by Defendants Hennings, Corkin, Ogle, McBride, Watson, Hemmila, and LaBelle, who subjected Plaintiff to excessive force on the way to a suicide watch cell.  Plaintiff later received a misconduct ticket which falsely claimed that he had assaulted Defendants Hennings, Corkin, Ogle, McBride, Watson, Hemmila, and LaBelle.

On May 6, 2016, Defendant Schetter began harassing Plaintiff by threatening to tell Plaintiff's friends that he was bi-sexual.  Defendant Schetter also threatened to withhold Plaintiff's food unless he yelled "I'm gay" and called Plaintiff a "faggot."  Plaintiff states that this has resulted in him being harassed by other prisoners and staff, which has caused Plaintiff to be placed on suicide watch on three separate occasions.  Plaintiff states that he is suffers from depression and his bi-polar.

On May 13, 2016, Defendant Johnston wrote a false misconduct ticket on Plaintiff for refusing to give back his food tray.  Plaintiff asserts that he had previously requested to be moved away from Defendant Johnston.  Plaintiff wrote a grievance on May 18, 2016.  Plaintiff states that the ticket was dismissed, but that while he was awaiting a hearing, he was placed on foodloaf.  On

May 26, 2016, Plaintiff filed a grievance on Defendant Feliciano for denying him photocopies that he needed for service in Case No. 2:16-cv-110.  Plaintiff seeks damages and equitable relief.

## Discussion

I.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

- 3 -

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff fails to make specific factual allegations against Defendants Heilstein and Frion. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Heilstein and Frion engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

- 4 -

Plaintiff claims that Defendant Labelle wrote a retaliatory false misconduct ticket on him on March 28, 2016, which charged him with assault and battery on staff. Plaintiff attaches a copy of the hearing report on this misconduct to his complaint. In the hearing report, Hearing Officer Thomas O. Mohrman notes that the video of the incident showed Plaintiff face down on the bunk with several staff members on top holding him down with the shield, and that Plaintiff was struggling on the bunk with staff telling him to stop resisting. *See* ECF No. 1-1, PageID.12. In the "Reasons for Finding" section, Hearing Officer Mohrman states:

> Assault and Battery (008) 03.03.105A (staff victim) Intention, non-consensual touching of another person done either in anger or for the purpose of abusing or injuring another; physical resistance or physical interference with an employee. The prisoner is guilty of the charge based upon the report which is consistent with the video and statements from the other staff who were present. This prisoner was in cuffs and lying face down as he said. However, he was holding his belly chains under his body. He could have allowed the officers to remove them. He did not. Pulling away from the officer is a physical resistance. The charge is correct.

*Id.*

The Court notes that a prisoner's claim that he was falsely accused of a major misconduct is barred where there has been a finding of guilt. *See Peterson v. Johnson*, 714 F.3d 905, 917 (6th Cir. 2013) (holding that a factual finding in a major misconduct proceeding has preclusive effect and is not subject to challenge in a § 1983 action). "A finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'" *See Burton v. Rowley*, 234 F.3d 1267, *2 (6th Cir. 2000) (unpublished) (quoting *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994)). *See also Annabel v. Frost*, No. 14–10244, 2015 WL 1322306, at *5 (E.D. Mich. Feb.17, 2015) report and recommendation adopted, No. 14–10244, 2015 WL 1510680 (E.D. Mich. Mar. 30, 2015) (noting that the checkmate doctrine has been involved in

sixteen unpublished Sixth Circuit opinions).  Therefore, Plaintiff's retaliation claim regarding this misconduct ticket is properly dismissed.

Plaintiff makes a conclusory claim that Defendants Labelle, McBride, Hennings, Corkin, Watson, Ogle, and Hemmila subjected him to excessive force in violation of the Eighth Amendment on March 28, 2016.  The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."  *See Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981); *Trop v. Dulles*, 356 U.S. 86, 101 (1958).  The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain."  *Rhodes*, 452 U.S. at 346.  Among unnecessary and wanton infliction of pain are those that are "totally without penological justification."  *Id.*

An analysis of this claim must be made in the context of the constant admonitions by the Supreme Court regarding the deference that courts must accord to prison or jail officials as they attempt to maintain order and discipline within dangerous institutional settings.  *See, e.g.*, *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986).  Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment.  *Rhodes*, 452 U.S. 347.  The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley*, 475 U.S. 312, should be applied.  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see also Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178-79 (2010).  Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson*, 503 U.S. at 6-7; *Wilkins*, 130 S. Ct. at 1178.  In determining whether the use of force is wanton and unnecessary,

- 6 -

the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 6-7 (citing *Whitley*, 475 U.S. at 321); *accord Griffin v. Hardrick*, 604 F.3d 949, 953-54 (6th Cir. 2010); *McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990).

As noted above, Plaintiff was found guilty of assault and battery on staff in relation to the March 28, 2016, incident. The Hearing Officer specifically found that Plaintiff struggled with staff, refused to allow staff to remove his belly chains, and did not comply with staff instructions to stop resisting. As a result, staff held Plaintiff down and repeatedly told him to stop resisting. The Court concludes that Plaintiff's excessive force claims fail because it is clear from the record that there was a penological justification for the use of force.

Plaintiff claims that Defendant Johnston wrote a false misconduct ticket on Plaintiff for refusing to give back his food tray on May 13, 2016. This ticket was dismissed on May 18, 2016, but Plaintiff complains that he was placed on foodloaf during the time that he was awaiting a hearing. Assuming that Plaintiff is claiming that Defendant Johnston violated his due process rights, Plaintiff received due process of law. In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. The Due Process Clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due

process." *Martinez v. California*, 444 U.S. 277, 284, n.9 (1980).  "[T]he deprivation by state action

of a constitutionally protected interest in "life, liberty or property" is not in itself unconstitutional;

what is unconstitutional is the deprivation of such an interest *without due process of law*."  *Zinermon*

*v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original).  Further, an inmate has no right to

counsel in disciplinary proceedings.  *Wolff v. McDonnell*, 418 U.S. 539, 569-70 (1974); *Franklin*

*v. Aycock*, 795 F.2d 1253, 1263 (6th Cir. 1986).  Plaintiff received a hearing and the ticket was

dismissed after the Hearing Officer found that Plaintiff returned his tray in a timely manner.

Plaintiff also cannot state a due process claim arising from the placement on food

loaf, even though he was ultimately found not guilty of the misconduct charges.  Plaintiff enjoys no

constitutional or state-created right to be free from a temporary diet of food loaf.  The Supreme

Court has held that state created liberty interests "will generally be limited to freedom from restraint

which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary

incidents of prison life."  *Sandin v. Connor*, 515 U.S. 472, 483 (1995); *see also Rimmer-Bey v.*

*Brown*, 62 F.3d 789-790-91 (6th Cir. 1995).  A temporary food loaf diet is not an atypical and

significant hardship for segregation prisoners who have engaged in misconduct.  *See Hartsfield v.*

*Mayer*, No. 95-1411, 1996 WL 43541 (6th Cir. Feb. 1, 1996); *Johnson v. Gummerson*, No. 99-0071,

1999 WL 822523, at *1 (2d Cir. Sept. 24, 1999).  Plaintiff, therefore, fails to state a claim for

violation of his due process rights.

Plaintiff's Eighth Amendment claim regarding the food loaf restriction fails.  The

Eighth Amendment imposes a constitutional limitation on the power of the states to punish those

convicted of crimes.  Punishment may not be "barbarous" nor may it contravene society's "evolving

standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  The Eighth Amendment is

only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Id.* at 348. With regard to food, prisoners must receive adequate nutrition to maintain normal health; the food need not be tasty or aesthetically pleasing. *See Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977). The Sixth Circuit has repeatedly held that a diet of food loaf does not violate the Eighth Amendment because nutritional and caloric requirements are met. *See, e.g.*, *Payton-Bey v. Vidor*, No. 94-2472, 1995 WL 603241, at *1 (6th Cir. Oct. 12, 1995); *Hinton v. Doney*, No. 93-2050, 1994 WL 20225, at *2 (6th Cir. Jan. 26, 1994); *Boswell v. Meyers*, No. 89-2144, 1990 WL 109230, at *1 (6th Cir. Aug. 2, 1990). Although Plaintiff suffered physical symptoms from refusing to eat, his suffering was self-imposed. Adequate food was available and he chose not to eat it. Therefore, Plaintiff fails to state an Eighth Amendment claim.

Nor does Plaintiff allege sufficient facts to state a claim for retaliation against Defendant Johnston. Plaintiff merely alleges that he had previously requested a move away from Defendant Johnston. He alleges no facts from which to reasonably infer that Defendant Johnston's actions were motivated by any protected conduct. The Sixth Circuit has been reluctant to find that temporal proximity between the filing of a grievance and an official's adverse conduct, standing alone, is sufficient to establish a retaliation claim. *Hill v. Lappin*, 630 F.3d 468, 476 (6th Cir. 2010). Therefore, Plaintiff's retaliation claim against Defendant Johnston is properly dismissed.

Plaintiff claims that Defendant Schetter harassed him by threatening to withhold meal trays if Plaintiff did not yell "I'm gay!" Defendant Schetter also threatened to tell Plaintiff's friends that he was bi-sexual and called Plaintiff a faggot. Allegations of verbal harassment or threats by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth

Amendment.  *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987).   Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.  *Id.*  Even the occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of constitutional magnitude.  *See Torres v. Oakland County*, 758 F.2d 147, 152 (6th Cir. 1985).

Finally, Plaintiff claims that Defendant Feliciano denied his request for copies in Case No. 2:16-cv-110.  In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts.  However, to state such a claim, an inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced.  *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005); *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994).  "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline."  *Harbin-Bey*, 420 F.3d at 578 (citing *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004)).  A review of the docket sheet in Case No. 2:16-cv-110 shows that the Court has issued an order for the MDOC to provide Plaintiff with copies of his complaint or to show cause for the failure to provide such copies.  *Cosgrove v. Burke, et al.*, 2:16-cv-110 (W.D. Mich.), ECF No. 17.  Therefore, Plaintiff cannot show that he has been prejudiced by the conduct of Defendant Feliciano.

**<u>Conclusion</u>**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: <u>October 31, 2016</u>                    <u>/s/ Robert Holmes Bell                    </u>
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE